IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| **MUZAK HOLDINGS LLC, et al.,**[1] ) | |
| ) | Case No. 09-10422 (KJC) |
| ) | (Jointly Administered) |
| Debtors. ) | <u>Hearing Date</u>: April 15, 2009 at 3:00 p.m. |
| ) | <u>Objection Deadline</u>: April 8, 2009 at 4:00 p.m. |

**APPLICATION PURSUANT TO FED. R. BANKR. P. 2014(a) FOR ORDER UNDER SECTION 1103 OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF FTI CONSULTING, INC. AS FINANCIAL ADVISOR TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS NUNC PRO TUNC TO FEBRUARY 24, 2009**

The Official Committee of Unsecured Creditors (the "<u>Committee</u>") of the above-captioned debtors and debtors in possession (collectively, the "<u>Debtors</u>") respectfully submits this application (the "<u>Application</u>"), pursuant to sections 1103(a) and 328(a) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and Rule 2014-1 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>"), for entry of an order authorizing the employment and retention of the consulting firm of FTI Consulting, Inc., (together with its wholly owned subsidiaries, agents, independent contractors and employees "<u>FTI</u>"), as financial advisor to the Committee. In support of this Application, the Committee respectfully states as follows:

<u>Introduction</u>

1. On February 10, 2009 (the "<u>Petition Date</u>"), the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the

---

[1] The Debtors in these chapter 11 case, together with the last four digits of each Debtor's federal tax identification number, are: Muzak Holdings LLC (3730); Muzak Holdings Finance Corp. (3728); Muzak LLC (3729); Background Music Broadcasters, Inc. (3014); Muzak Capital Corporation (2302); MLP Environmental Music, LLC (6098); Business Sound, Inc. (9525); BI Acquisition, LLC (6049); Muzak Finance Corp. (7963); Electro-Systems Corporation (6059); Audio Environments, Inc. (4111); Telephone Audio Productions, Inc. (4894); Vortex Sound Communications Company, Inc. (3711); Muzak Houston, Inc. (9984); and Music Incorporated (3710). The location of the Debtors' corporate headquarters and the service address for all the Debtors is: 3318 Lakemont Boulevard, Fort Mill, South Carolina 29708.

District of Delaware (the "Court"). Pursuant to sections 1107 and 1108 of the Bankruptcy Code, the Debtors are continuing to operate their businesses and manage their properties and assets as debtors in possession. On February 12, 2009, the court entered an order jointly administering these cases pursuant to the Bankruptcy Rule 1015(b) for procedural purposes only.

2. On February 20, 2009 (the "Formation Meeting"), the Office of the United States Trustee appointed the Committee pursuant to section 1102 of the Bankruptcy Code. At the Formation Meeting, the Committee selected Akin Gump Strauss Hauer & Feld LLP ("Akin Gump") as its co-counsel, and on February 24, 2009, the Committee selected FTI as its financial advisor. The Committee consists of the following seven members:

    (a) Bronwen M. Dukate;
    (b) MFC Global Investment Management;
    (c) Wells Fargo Bank, N.A., as Trustee;
    (d) U.S. Bank, National Association;
    (e) HSBC Bank USA, N.A., as Trustee;
    (f) Dish Network; and
    (g) Monarch Alternative Capital.

3. The Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this proceeding and this Application is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicate for the relief sought herein is section 1103 of the Bankruptcy Code.

## Relief Requested

4. By this Application, the Committee seeks to employ and retain FTI pursuant to section 1103(a) of the Bankruptcy Code to perform financial advisory services for the Committee in these chapter 11 cases, *nunc pro tunc* to February 24, 2009.

5. The Committee is familiar with the professional standing and reputation of FTI. The Committee understands and recognizes that FTI has a wealth of experience in providing financial advisory services in restructurings and reorganizations and enjoys an excellent reputation for services it has rendered in large and complex chapter 11 cases on behalf of debtors and creditors throughout the United States.

6. The services of FTI are deemed necessary to enable the Committee to assess and monitor the efforts of the Debtors and their professional advisors to maximize the value of their

estates and to reorganize successfully. Further, FTI is well qualified and able to represent the Committee in a cost-effective, efficient and timely manner.

### Scope of Services

7.   FTI will provide such consulting and advisory services to the Committee and its legal advisor as they deem appropriate and feasible in order to advise the Committee in the course of these chapter 11 cases, including but not limited to the following:

- Assistance to the Committee in the review of financial related disclosures required by the Court, including the Schedules of Assets and Liabilities, the Statement of Financial Affairs and Monthly Operating Reports;

- Assistance to the Committee with information and analyses required pursuant to the Debtors' hearings regarding the use of cash collateral;

- Assistance with a review of the Debtors' short-term cash flow;

- Assistance with a review of the Debtors' proposed key employee retention and other critical employee benefit programs;

- Assistance and advice to the Committee with respect to the Debtors' identification of core business assets and the disposition of assets or liquidation of unprofitable operations;

- Assistance with a review of the Debtors' performance of cost/benefit evaluations with respect to the affirmation or rejection of various executory contracts and leases;

- Assistance in reviewing the Debtors' business plan including assessment of revenue enhancement and cost saving opportunities, customer profitability, capital expenditures and liquidity;

- Assistance in the review of financial information distributed by the Debtors to creditors and others, including, but not limited to, cash flow projections and budgets, cash receipts and disbursement analysis, analysis of various asset and liability accounts, and analysis of proposed transactions for which Court approval is sought;

- Attendance at meetings and assistance in discussions with the Debtors, potential investors, banks, other secured lenders, the Committee and any other official committees organized in these chapter 11 proceedings, the U.S. Trustee, other parties in interest and professionals hired by the same, as requested;

- Assistance in the review and/or preparation of information and analyses necessary for the confirmation of a plan in these chapter 11 proceedings;

- Assistance in the evaluation and analysis of avoidance actions, including fraudulent conveyances and preferential transfers;

- Assistance in the review of the plan(s) of reorganization, or liquidation, and the disclosure statement;

- Assistance in the valuation of the business and review of capital structure alternatives; and

- Render such other general business consulting or such other assistance as the Committee or its counsel may deem necessary that are consistent with the role of a financial advisor and not duplicative of services provided by other professionals in these chapter 11 proceedings.

## FTI's Eligibility for Employment

8. Upon information and belief, FTI does not represent and does not hold any interest adverse to the Debtors' estates or their creditors in the matters upon which FTI is to be engaged and, therefore, FTI is eligible to represent the Committee under Section 1103(b) of the Bankruptcy Code.

9. FTI will conduct an ongoing review of its files to ensure that no conflicts or other disqualifying circumstances exist or arise. If any new material facts or relationships are discovered, FTI will supplement its disclosure to the Court.

10. FTI has agreed not to share with any person or firm the compensation to be paid for professional services rendered in connection with these cases.

## Terms of Retention

11. FTI is not owed any amounts with respect to pre-petition fees and expenses.

12. The Committee understands that FTI intends to apply to the Court for allowances of compensation and reimbursement of expenses for its financial advisory support services in accordance with the applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, corresponding local rules, orders of this Court and guidelines established by the U.S. Trustee.

13. Subject to Court approval and in accordance with Bankruptcy Code section 328(a), the Bankruptcy Rules, applicable U.S. Trustee guidelines and local rules, FTI will seek payment for compensation on a fixed monthly basis of $125,000 per month for the first six months, $100,000 per month for the next four months, and $75,000 per month thereafter (collectively, "Monthly Fixed Fee"), plus reimbursement of actual and necessary expenses incurred by FTI. The Monthly Fixed Fee shall be subject to a periodic review by the Committee and FTI, and any proposed changes will be subject to Court approval.

14. In addition, upon completion of these cases, FTI shall receive a completion fee of up to $750,000 (the "Completion Fee"). The Completion Fee shall be subject to Court approval in accordance with the standard set forth in section 328(a) of the Bankruptcy Code. The Completion Fee will be considered earned and payable, subject to Bankruptcy Court approval, upon confirmation of a chapter 11 plan of reorganization or liquidation, the terms of which have been substantially agreed to by the requisite holders of claims against the Debtors. Actual and necessary expenses would include any reasonable legal fees incurred for FTI's defense of its retention application and fee applications submitted in this matter, subject to Court approval.

15. Notwithstanding the foregoing paragraphs 13 and 14 above, the United States Trustee for the District of Delaware shall retain all rights to object to the Monthly Fixed Fee and the Completion Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; *provided, however*, that "reasonableness" for this purpose shall be evaluated by comparing (among other things) the fees payable in these chapter 11 cases to fees paid to other financial advisory firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on an hourly or length-of-case based criteria.

16. On a monthly basis, FTI will provide hours expended at a summarized level that includes the total number of hours worked by professional and the total number of hours spent by task category. For each task category, FTI will provide an explanation of the type of work performed.

### Indemnification

17. In addition to the foregoing, and as a material part of the consideration for the agreement of FTI to furnish services to the Committee pursuant to the terms of this Application, FTI requests that the following indemnification provisions be approved:

    a. Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claim arising from, related to or in connection with FTI's performance of the services under the terms of the Application;

    b. FTI shall not be entitled to indemnification, contribution or reimbursement for services other than those services provided under the terms of the Application, unless such services and the indemnification, contribution or reimbursement therefor is approved by the Court;

c.  The Debtors shall have no obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (d) infra, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of the Application; and

d.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application therefore in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI.

## Notice

18. Notice of this Application has been given to (i) the Debtors, (ii) the United States Trustee and (iii) those parties requesting notice pursuant to Del. Bankr. L.R. 2002-1(b). In light of the nature of the relief requested, the Committee submits that no further notice is required.

## No Prior Request

19. No prior Application for the relief requested herein has been made to this or any other Court.

## Conclusion

WHEREFORE, the Committee respectfully requests that the Court enter an Order, substantially in the form attached hereto, authorizing the Committee to employ and retain FTI as financial advisor for the Committee for the purposes set forth above, *nunc pro tunc* to February 24, 2009 and grant such further relief as is just and proper.

Date: March 19, 2009

THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS OF MUZAK HOLDINGS LLC, <u>ET AL.</u>

Monarch Alternative Capital, solely in its capacity as Chair of the Committee and not in its individual capacity,

/s/ _____
Name: Robert Burns