# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| **MUZAK HOLDINGS LLC, et al.,**[1] | ) | Case No. 09-10422 (KJC) |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## ORDER AUTHORIZING RETENTION OF
## FTI CONSULTING, INC.
## AS FINANCIAL ADVISOR
## FOR THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS

Upon the application (the "Application") of the Official Committee of Unsecured Creditors (the "Committee") of the above-captioned debtors and debtors in possession (collectively, the "Debtors"), for an order pursuant to section 1103 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing them to retain FTI Consulting, Inc. and its wholly owned subsidiaries (collectively "FTI") as financial advisor; and upon the Affidavit of Steven Simms in support of the Application; and due and adequate notice of the Application having been given; and it appearing that no other notice need be given; and it appearing that FTI is not representing any adverse interests in connection with these cases; and it appearing that the relief requested in the Application is in the best interest of the Committee; after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the Application be, and it hereby is, granted; and it is further

ORDERED that the capitalized terms not defined herein shall have the meanings ascribed to them in the Application; and it is further

ORDERED that in accordance with section 1103 of the Bankruptcy Code, the Committee is authorized to employ and retain FTI as of February 24, 2009 as their financial advisor on the terms set forth in the Application; and it is further

---

[1] The Debtors in these chapter 11 case, together with the last four digits of each Debtor's federal tax identification number, are: Muzak Holdings LLC (3730); Muzak Holdings Finance Corp. (3728); Muzak LLC (3729); Background Music Broadcasters, Inc. (3014); Muzak Capital Corporation (2302); MLP Environmental Music, LLC (6098); Business Sound, Inc. (9525); BI Acquisition, LLC (6049); Muzak Finance Corp. (7963); Electro-Systems Corporation (6059); Audio Environments, Inc. (4111); Telephone Audio Productions, Inc. (4894); Vortex Sound Communications Company, Inc. (3711); Muzak Houston, Inc. (9984); and Music Incorporated (3710). The location of the Debtors' corporate headquarters and the service address for all the Debtors is: 3318 Lakemont Boulevard, Fort Mill, South Carolina 29708.

ORDERED that to the extent accrued during their retention, FTI shall receive (a) its fixed monthly compensation as specified in the Application and (b) reimbursement of FTI's expenses. FTI's compensation shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code; and it is further

ORDERED that pursuant to the preceding paragraph, FTI is entitled to the Completion Fee, reimbursement of actual and necessary expenses, including any reasonable legal fees incurred for FTI's defense of its retention and fee applications in this matter, subject to Court approval. The Completion Fee shall be subject to the standard of review provided in section 328(a) of the Bankruptcy Code and shall only be payable in connection with the confirmation of a chapter 11 plan of reorganization or liquidation; and it is further

ORDERED that notwithstanding anything in this Order to the contrary, the United States Trustee for the District of Delaware shall retain all rights to object to the Monthly Fixed Fee and the Completion Fee based on the reasonableness standard provided for in section 330 of the Bankruptcy Code; *provided, however*, that "reasonableness" for this purpose shall be evaluated by comparing (among other things) the fees payable in these chapter 11 cases to fees paid to other financial advisory firms with similar experience and reputation offering comparable services in other chapter 11 cases and shall not be evaluated primarily on an hourly or length-of-case based criteria; and it is further

ORDERED that FTI shall provide hours expended at a summarized level that includes the total number of hours worked by professional and the total number of hours spent by task category. For each task category, FTI shall provide an explanation of the type of work performed; and it is further

ORDERED that the following indemnification provisions be approved:
  a. Subject to the provisions of subparagraphs (c) and (d) below, the Debtors are authorized to indemnify, and shall indemnify, FTI for any claim arising from, related to or in connection with FTI's performance of the services under the terms of the Application;
  b. FTI shall not be entitled to indemnification, contribution or reimbursement for services other than those services provided under the terms of the Application, unless such services and the indemnification, contribution or reimbursement therefor is approved by the Court;
  c. Notwithstanding anything to the contrary, the Debtors shall have no

obligation to indemnify FTI for any claim or expense that is either (i) judicially determined (the determination having become final) to have arisen primarily from FTI's bad faith, gross negligence or willful misconduct, or (ii) settled prior to a judicial determination as to FTI's bad faith, gross negligence or willful misconduct, but determined by this Court, after notice and a hearing pursuant to subparagraph (d) infra, to be a claim or expense for which FTI is not entitled to receive indemnity under the terms of the Application; and

d.  If, before the earlier of (i) the entry of an order confirming a chapter 11 plan in these cases (that order having become a final order no longer subject to appeal), and (ii) the entry of an order closing these chapter 11 cases, FTI believes that it is entitled to the payment of any amounts by the Debtors on account of the Debtors' indemnification obligations under the Application, including, without limitation, the advancement of defense costs, FTI must file an application therefore in this Court, and the Debtors may not pay any such amounts to FTI before the entry of an order by this Court approving the payment. This subparagraph (d) is intended only to specify the period of time under which the Court shall have jurisdiction over any request for fees and expenses by FTI for indemnification, and not as a provision limiting the duration of the Debtors' obligation to indemnify FTI; and it is further

ORDERED that this court shall retain jurisdiction with respect to all matters arising or related to the implementation of this order.

Dated: _____, 2009
Wilmington, Delaware

_____
UNITED STATES BANKRUPTCY JUDGE