IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| MUZAK HOLDINGS LLC, et al.,[1] | ) Case No. 09-10422 (KJC) |
| | ) |
| Debtors. | ) Jointly Administered |
| | ) Re: Docket No. 691 |

## ORDER AUTHORIZING THE DEBTORS TO (A) ENTER INTO AN EXIT FINANCING COMMITMENT LETTER AND FEE LETTERS, (B) PAY CERTAIN FEES IN CONNECTION THEREWITH AND (C) FILE THE FEE LETTERS UNDER SEAL

Upon the motion (the "Motion")[2] of Muzak Holdings LLC and its affiliates as debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") authorizing the Debtors to (a) enter into the commitment letter (the "Commitment Letter") and related fee letters (the "Fee Letters") for exit financing (collectively, the "Exit Financing Documents") to be provided by General Electric Capital Corporation (acting individually or through one or more of its affiliates) ("GE Capital"), Silver Point Finance, LLC (acting individually or through one or more of its affiliates) ("Silver Point") and MFC Global Investment Management (acting individually or through one or more of its affiliates) ("MFC" and together with GE Capital and Silver Point, the "Exit Lenders"); (b) pay certain fees in connection therewith; and (c) file the Fee Letters under seal; and it appearing that the relief requested is in

---

[1] The Debtors in these chapter 11 cases, together with the last four digits of each Debtor's federal tax identification number, are: Muzak Holdings LLC (3730); Muzak Holdings Finance Corp. (3728); Muzak LLC (3729); Background Music Broadcasters, Inc. (3014); Muzak Capital Corporation (2302); MLP Environmental Music, LLC (6098); Business Sound, Inc. (9525); BI Acquisition, LLC (6049); Muzak Finance Corp. (7963); Electro-Systems Corporation (6059); Audio Environments, Inc. (4111); Telephone Audio Productions, Inc. (4894); Vortex Sound Communications Company, Inc. (3711); Muzak Houston, Inc. (9984); and Music Incorporated (3710). The location of the Debtors' corporate headquarters and the service address for all the Debtors is: 3318 Lakemont Boulevard, Fort Mill, South Carolina 29708.

[2] Capitalized terms not defined herein shall have the same meaning ascribed in the Motion.

the best interests of the Debtors' estates, their creditors and other parties in interest; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and it appearing that venue of this proceeding and this Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of this Motion having been provided; and after due deliberation and sufficient cause appearing therefor, it is hereby ORDERED:

1. The Motion is granted to the extent provided herein.

2. The Debtors are authorized to enter into, and perform under, the Commitment Letter and Fee Letters.

3. The Debtors are authorized to use estate funds to pay Expenses as set forth in the Commitment Letter and Fee Letters.

4. The Debtors are authorized to indemnify the Indemnified Parties in accordance with the terms set forth in the Commitment Letter.

5. The Debtors are authorized to use estate funds to pay the Break-up Fee, if applicable, as set forth in the Commitment Letter and Fee Letters.

6. The Debtors are authorized to take all actions necessary or appropriate to effectuate the relief granted pursuant to this order in accordance with the Motion and to implement the Commitment Letter and Fee Letters.

7. The Debtors are authorized to file a copy of the Fee Letters (in substantially the form annexed as **Exhibit D** to the Motion and incorporated by reference as though fully set forth herein) under seal, which shall remain under seal and confidential and, with the exception of the Limited Notice Parties, shall not be made available to anyone without the written consent of the

Debtors and the Exit Lenders or by further order of this Court, and service of the Motion shall be permitted and deemed sufficient without transmittal of the Fee Letters.

8. The Limited Notice Parties, including their clients, members and principals, shall be bound by this Order and shall at all times keep the Fee Letters strictly confidential and shall not disclose the contents of the Fee Letters to any party whatsoever, except that counsel to the Committee, counsel to the ad hoc group of 10% senior noteholders and counsel to the Prepetition Lenders may disclose the Fee Letters to the members of their respective committees, but to no other party notwithstanding section 1102(b)(3) of the Bankruptcy Code or otherwise, provided that any Committee member that receives the Fee Letters shall be bound by this Order and shall at all times keep the Fee Letters confidential.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon entry of the Order.

10. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Date: Dec 21, 2009

_____
United States Bankruptcy Judge

K&E 15981467.5